IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-01099-MSK-KLM

LEAH YULE-WARD,

      Plaintiff,

v.

DTG OPERATIONS, INC., d/b/a Thrifty Care Rental,

      Defendant.

_____

**PROTECTIVE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court *sua sponte*.  The Court, being fully advised, HEREBY

**ORDERS** that the following Protective Order is entered.

      1.      Pursuant to my Order dated February 18, 2010, the Special Master has been

ordered to complete a forensic analysis of Plaintiff's Facebook account (the "Analysis").

To the extent that the Analysis requires review or disclosure of sensitive, confidential or

private information relating to or authored by Plaintiff or non-parties to this litigation, such

information shall be subject to the terms of this Order ("Confidential Information").

Confidential Information means information of a sensitive, confidential or private nature

which does <u>not</u> relate to the accident which is the subject of the litigation, Plaintiff's pre- and

post-accident physical, mental or emotional condition or physical or mental activities, or

other facts which are relevant to the subject matter of the litigation.

      2.      Upon receipt of the Analysis, the parties shall have thirty (30) days to

designate any information contained therein as "Confidential Information" pursuant to the

terms of this Order.  Likewise, upon receipt of the Facebook pages attached to the Analysis, the Court shall designate any appropriate information as "Confidential Information" pursuant to the terms of this Order.  The parties shall designate "Confidential Information" by sending a letter to counsel for the opposing party specifically transcribing the Confidential Information and designating it as such pursuant to the terms of this Order.

3.      To the extent that the disclosure of Confidential Information is required in the course of depositions, the parties shall utilize the following procedure:

a.      Any individuals not authorized under the terms of this Order to review Confidential Information (as set forth in paragraph 4 below) will be excluded from the room in which the deposition is conducted while Confidential Information is being discussed;

b.      The portions of the deposition identified by the parties as involving Confidential Information will be so designated by the reporter and will be subject to the terms of this Order.

4.      Confidential Information can be reviewed only by the parties and their authorized agents or representatives; the parties' counsel of record; the parties' paralegal, secretarial, and clerical employees who are assisting in the preparation and trial or appeal of this action; witnesses or potential witnesses in this litigation; expert witnesses retained to assist either of the parties in this litigation; the Special Master; court reporters and other persons involved in recording deposition testimony in this litigation; employees of copying and/or microfilming services who are involved with providing copying or microfilming services to counsel for any party to this litigation; the Court and any persons employed by the Court whose duties require access to any confidential material; and any other individual

2

authorized by the  Court.  The parties must provide a copy of this Order to any individual

to whom Confidential Information is disclosed and each such individual will be bound by

this Order.  No party or employee of a party, nor any witness or expert will be permitted to

review Confidential Information until that person has signed a non-disclosure agreement

in the form attached hereto as Exhibit A, certifying that he or she has received a copy of

this  Order  and  agrees  to  be  bound  by  its  terms.    Individuals  authorized  to  review

Confidential Information shall not divulge the information, either verbally or in writing, to any

other person, entity or government agency unless authorized by the Court.  Confidential

Information may be used by any party, its or her counsel, witnesses or potential witnesses,

and expert witnesses solely in connection with this litigation.

        5.      In the event that any party contends that information has been improperly

classified as confidential, the parties will attempt to resolve the issue between themselves.

If the parties cannot resolve the dispute, the parties will contact the Court to set a discovery

hearing regarding the dispute.

        6.      In the event it is necessary for the parties to file Confidential Information with

the Court in connection with any pretrial proceedings or as evidence at trial, the information

shall be filed consistent D.C.COLO.LCivR 7.2 and 7.3 and in a sealed envelope with the

following statement typed conspicuously on the face of the envelope:

<u>Confidential</u>
<u>This document is filed under seal.  Unless otherwise ordered
by the Court, it shall not be reproduced for, or shown to,
persons other than those entitled to have access to such
documents under the Protective Order entered on February 23,
2010.</u>

Any pleadings or briefs filed by the parties that either quote or discuss the contents of

information designated as confidential shall be filed in a sealed envelope containing the same statement.

7.     At the conclusion of this litigation and any appeals associated therein, Confidential Information shall be handled in the manner prescribed in this paragraph 7. Counsel will collect all extracts, abstracts, charts, summaries, notes or copies made from Confidential Information and shall obtain from each appropriate person an affidavit in the form of Exhibit B attached hereto.  Counsel shall certify to opposing counsel in writing that s/he has collected all such Confidential Information and destroyed all copies thereof.

8.     The parties shall have all rights and remedies provided by law for breach of the terms of this Protective Order.

9.     This Order shall govern any Confidential Information disclosed in the course of any alternate dispute resolution associated with this case, including but not limited to mediation and arbitration.

DATED: February 23, 2010 at Denver, Colorado.

BY THE COURT:


 s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge

**Exhibit A**

## NONDISCLOSURE AGREEMENT

I hereby acknowledge that I have read the Protective Order relating to Confidential Information entered in *Yule-Ward v. DTG Operations, Inc.*, Civil Action No. 09-cv-01099-MSK-KLM, and agree to be bound by its terms.

_____
Signature

_____
Type or print name

_____
Address

_____

_____
Date